# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

OLIVIA MASON (#397923)                                     CIVIL ACTION

VERSUS

JIM ROGERS, WARDEN, ET AL.                          NO. 12-0613-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 17, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**OLIVIA MASON (#397923)**                                   **CIVIL ACTION**

**VERSUS**

**JIM ROGERS, WARDEN, ET AL.**                          **NO. 12-0613-JJB-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of defendant Jim Rogers,

rec.doc.no. 15.  This motion is not opposed.

The pro se plaintiff, an inmate previously confined at the Louisiana Correctional Institute

for Women ("LCIW"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983

against Warden Jim Rogers and "Care Provider Moore," complaining that the defendants

violated her constitutional rights at LCIW, commencing on February 27, 2012, by subjecting her

to unconstitutional conditions of confinement and by thereafter acting with deliberate

indifference to her serious medical needs.[1]

In her Complaint, the plaintiff alleges that on February 27, 2012, she slipped and fell in a

puddle of water which was located at the entrance to a building at LCIW.  She complains that

there was no sign warning of the existence of the puddle and that the "lighting was not at full

---

1. An attempt by the United States Marshal's Office to serve "Care Provider Moore" has proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on behalf of this defendant, specifically because the Department is "unable to identify C. Moore."  See rec.doc.no. 12.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings.  It is appropriate, therefore, that the plaintiff's claims asserted against defendant Moore be dismissed, without prejudice.

capacity," making it difficult to see the puddle.  After the fall, the plaintiff complains that no health care providers were summoned to provide her with assistance.  Instead, she was allegedly transported by co-inmates "on a broken stretcher" to the prison infirmary.  The plaintiff asserts that she was subsequently transported to Earl K. Long Hospital in Baton Rouge, Louisiana, where a splint was placed on her leg after it was determined that she had a chipped bone and an ankle fracture.  Upon return to LCIW, she was kept in the infirmary for 2 days and was provided with medication for pain.  She complains, however, that upon discharge from the infirmary, she was provided only with Ibuprofen and Alleve and that the pain and swelling increased.  She reported these symptoms to the LCIW medical staff, but she complains that the response to her complaints was "nonchalant."  The plaintiff acknowledges, however, that on March 27, 2012, she participated in a scheduled "Tele Med" consultation with an orthopedic specialist, at which time the specialist advised that a cast should have been placed on the plaintiff's leg and that this needed to be done as soon as possible.  Accordingly, on April 10, 2012, the plaintiff was again transported for outside medical attention, and she was seen at that time by an orthopedic specialist who took additional x-rays and placed a "medical boot" on the plaintiff's leg in an attempt to stabilize her condition.  The plaintiff complains that the foregoing recitation of facts establishes that her "medical care has been inferior and is resulting in additional unneccessary [sic] and possibly permanent damage to [her] leg."

In response to the plaintiff's allegations, the defendant warden first seeks dismissal, on jurisdictional grounds pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim asserted against him in his official capacity for monetary damages.  In this regard, the defendant is correct that § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a state or its officials acting in their official

capacities, specifically because these officials are not seen to be "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).  In addition, in Hafer v. Melo, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  Id. at 25.  Accordingly, the plaintiff's claim asserted against the defendant in the defendant's official capacity for monetary damages is subject to dismissal.  In contrast, the plaintiff's claim for monetary damages asserted against the defendant in the defendant's individual capacity remains viable because a claim against a state official in an individual capacity, seeking to impose liability for actions taken under color of state law, is not treated as a suit against the state.  Id. at 29.[2]

Turning to the plaintiff's claims which are not subject to dismissal on jurisdictional grounds, the defendant next asserts that the plaintiff has failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  Specifically, "[f]actual allegations

_____

2.  In addition to the foregoing, the plaintiff's claim for prospective injunctive relief asserted against the defendant in the defendant's official capacity would not be prohibited under the Eleventh Amendment because such a claim is not treated as a claim against the state.  Will v. Michigan Department of State Police, supra, 491 U.S. at 71.  See also 15 Am. Jur. 2d Civil Rights § 101.  Notwithstanding, inasmuch as the plaintiff has since been released from confinement at LCIW and is no longer subjected to any alleged wrongful conduct at that facility, her claim for prospective injunctive relief has been rendered moot by such transfer and is no longer properly before the Court.  See, e.g., Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (recognizing that an inmate's transfer from an offending institution normally "render[s] ... claims for declaratory and injunctive relief moot").  This aspect of the plaintiff's lawsuit, therefore, is subject to dismissal.

must be enough to raise a right to relief above the speculative level". <u>Bell Atlantic Corp. v. Twombly</u>, <u>supra</u>, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, <u>supra</u>, at 678, <u>quoting</u> <u>Bell Atlantic Corp. v. Twombly</u>, <u>supra</u>. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" <u>Id.</u> at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Further, "[a] document filed <u>pro se</u> is 'to be liberally construed' ... and 'a <u>pro se</u> Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Id.</u> (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." <u>Ashcroft v. Iqbal</u>, <u>supra</u>, at 678 (internal quotation marks omitted).

Addressing first the plaintiff's claim regarding an alleged slippery condition within the confines of her housing unit at LCIW, this claim implicates her Eighth Amendment constitutional right to be free from cruel and unusual punishment in the form of an unconstitutional condition of confinement. In this regard, however, it is well-settled that the

United States Constitution imposes upon prison officials only minimal requirements in the treatment and facilities which they provide to prisoners.  Wilson v. Seiter, 501 U.S. 294, 298 (1991) ("The Constitution ... 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation" (citations omitted)).  Accordingly, a constitutional violation occurs only when two requirements are met.  First, there is the objective requirement that the condition be sufficiently serious, depriving a prisoner of "the minimal civilized measure of life's necessities," or denying the prisoner some "basic human need."  Harris v. Angelina County, Texas, 31 F.3d 331, 334 (5th Cir. 1994), citing Wilson v. Seiter, supra.  Second, under a subjective standard, the Court must find that the prison official responsible for the deprivation was "'deliberately indifferent' to inmate health or safety."  Wilson v. Seiter, supra, 501 U.S. at 303.  See also Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Mere negligence is not a sufficient basis for liability under § 1983.  Oliver v. Collins, 904 F.2d 278, 281 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).  Instead, a prison official must both be personally aware of facts from which an inference may be drawn that a substantial risk of serious harm exists, and the official must also have drawn the inference in fact.  Farmer v. Brennan, supra, 511 U.S. at 837.  The deliberate indifference standard is appropriately applied to the plaintiff's allegations regarding the conditions of her confinement.  Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995); Wilson v. Seiter, supra, 501 U.S. at 303.

Applying the above standard in connection with the instant case, there is no legal or factual basis for concluding that the presence of the alleged puddle of water at the entrance to the plaintiff's housing unit at LCIW on February 27, 2012, is an indication that defendant Warden Rogers was deliberately indifferent to the plaintiff's health or safety or that he deprived the

plaintiff of any basic human need.  Although this condition allegedly caused her to sustain a fall and injury on that date, the plaintiff does not allege that defendant Rogers, as warden at LCIW, was personally aware, prior to the plaintiff's injury, that this condition existed or that it presented a significant risk of harm to the plaintiff's health or safety.  Further, there is nothing in the record to suggest that the plaintiff and numerous other inmates housed in that facility were not generally able to see and negotiate the obvious hazard.  Although it may have been preferable for there to have been no accumulation of water, for there to have been signs warning of that condition, or for the area to have been provided with better lighting, it does not appear that the alleged dangerous condition case constituted the denial of a basic human need or represented deliberate conduct on the part of Warden Rogers in exposing the plaintiff to a serious risk of injury of which the defendant was subjectively aware.  See Noble v. Grimes, 350 Fed. Appx. 892 (5th Cir. 2009) (upholding dismissal of a prisoner's claim regarding an alleged slip and fall caused by water accumulating on the floor of the facility); Atkins v. Sheriff's Jail Avoyelles Parish, 278 Fed. Appx. 438 (5th Cir. 2008) (same); McLaughlin v. Farries, 122 Fed. Appx. 692 (5th Cir. 2004) (same); Beasley v. Anderson, 67 Fed. Appx. 242 (5th Cir. 2003), cert. denied, 540 U.S. 1114 (2004) (same); Benton v. Grant, 31 Fed. Appx. 160 (5th Cir. 2001) (same); Marsh v. Jones, 53 F.3d 707 (1995) (same).  Accordingly, on the record before the Court, the Court concludes that this claim sounds more in the nature of a claim of negligence which is not actionable under § 1983, and there is no basis for the imposition of liability against the defendant in connection with this claim.

Turning to the plaintiff's claim regarding her medical care, in order for an inmate-plaintiff to prevail on a claim that her constitutional rights have been violated by the provision of improper or inadequate medical care, she must allege and show that appropriate care has been

denied and that the denial has constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Johnson v. Treen, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation which she believes she should have is not the issue. Estelle v. Gamble, supra. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Johnson v. Treen, supra, 759 F.2d at 1238. Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, supra, 511 U.S. at 839-30. As noted above, the Farmer decision makes clear that, in order to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must establish that the defendant "refused to treat [her], ignored [her] complaints, intentionally treated [her] incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001), quoting Johnson v. Treen supra, 759 F.2d at 1238. Further, a mere delay in treatment does not constitute an Eighth Amendment violation without both deliberate indifference and a resulting substantial harm. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing standard, the Court finds that the plaintiff has failed to state a claim for relief as to defendant Rogers. In the first place, the Court finds that the plaintiff has failed to allege sufficient connexity between any conduct of the defendant warden and the alleged constitutional violations of which she complains. Pursuant to well-settled legal principles, in order for a supervisory official to be found liable under § 1983, the official must have been

personally involved in conduct causing an alleged deprivation of a constitutional right or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).  Any allegation that defendant Rogers is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or respondeat superior is alone insufficient to state a claim under § 1983.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), citing Monell v. Department of Social Services, 436 U.S. 658, 691 (1978).  See also Bell v. Livingston, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of respondeat superior or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of her constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  Lozano v. Smith, supra, 718 F.2d at 768.

In the instant case, the plaintiff has failed to allege that defendant Rogers has had any personal or direct involvement in the provision of the plaintiff's medical care.  In fact, other than in the Caption of the Complaint and in the listing of the defendants, the plaintiff makes no reference to Warden Rogers or to any alleged wrongful conduct by the defendant.  Accordingly, in the absence of any suggestion that defendant Rogers was involved in providing the plaintiff with medical care, there is no basis for the imposition of liability against him in connection with this claim.

In addition, and in the alternative, the plaintiff's factual allegations do not reflect that she was in fact subjected to deliberate medical indifference.  She acknowledges that, after her fall on

February 27, 2012, she was taken to the prison infirmary and was subsequently transported to Earl K. Long Hospital where her injuries were diagnosed and treated.  Upon returning to LCIW, she was housed at the prison infirmary for two additional days and was thereafter provided with pain medication, albeit not the medication which she believed to be appropriate.  When she continued to complain of pain and swelling in her leg, prison officials arranged for a teleconference with an orthopedic specialist on March 27, 2012, at which time the specialist recommended additional treatment for the plaintiff's leg.  In light of this recommendation, the plaintiff was again transported for evaluation and treatment on April 10, 2012, and the consulting orthopedic specialist provided additional treatment deemed appropriate for her condition.  These admitted facts belie the plaintiff's claim that prison officials subjected her to deliberate medical indifference or failed to attend to her complaints.  To the contrary, these facts suggest that the plaintiff's injuries and complaints were in fact addressed by LCIW medical personnel and were not ignored.  At most, therefore, the plaintiff's claim regarding her medical care may be seen to be one of mere negligence, neglect or medical malpractice which is not actionable under § 1983.  Accordingly, it is appropriate that this claim be dismissed, with prejudice, as well.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.  28 U.S.C. § 1367.  In the instant case, having considered the allegations of the plaintiff's Complaint and having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that

the exercise of supplemental jurisdiction be declined.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's claims asserted against "Care Provider Moore" be dismissed, without prejudice, for failure of the plaintiff to serve this defendant within 120 days as mandated by Fed. R. Civ. P. 4(m).  It is further recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims and that the Motion to Dismiss of defendant Jim Rogers, rec.doc.no. 15, be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, for failure to state a claim upon which relief may be granted.

Signed in Baton Rouge, Louisiana, on October 17, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**